Citation Nr: 1825328 
Decision Date: 04/30/18 Archive Date: 05/07/18

DOCKET NO. 14-34 049 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Paul, Minnesota


THE ISSUE

Propriety of offset of disability compensation benefits due to receipt of military drill pay.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

A. Shawkey, Counsel 



INTRODUCTION

The Veteran served on active duty from September 1982 to April 1995, November 2001 to November 2003, November 2004 to May 2005, and November 2007 to January 2011. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2012 decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas.


REMAND

VA law and regulations prohibit the receipt of VA disability compensation benefits for any period for which the person receives active service pay. 38 U.S.C. § 5304 (c); 38 C.F.R. §§ 3.654, 3.700. This includes active duty pay, drill, and active duty for training payments, and inactive duty for training payments made to Reservists and members of the National Guard. Id.

Reservists may waive their pension, compensation, or retirement pay for periods of field training, instruction, other duty, or drills. A waiver may include prospective periods and contain a right of recoupment for the days for which the reservist did not receive payment for duty by reason of failure to report for duty. 38 C.F.R. § 3.700 (a)(1)(iii).

In the instant case, the Veteran was awarded disability compensation benefits effective January 20, 2011, which is the date that he filed his claim for VA benefits. His DD Form 214 shows that he was discharged from active duty service on January 6, 2011. 

In May 2012, the Veteran filed a Notice of Waiver of VA Compensation or Pension to Receive Military Pay and Allowances (VA Form 21-895-1) wherein he reported 42 training days for fiscal year 2011. However, he also reported that only 18 of the 42 training days occurred after the effective date of the grant of VA benefits on January 20, 2011. That form was signed by a unit commander or designee. Nonetheless, the record shows that the RO withheld the Veteran's compensation benefits for all 42 training days in 2011. 

The Veteran asserts that the RO improperly withheld his VA compensation benefits for all 42 training days in fiscal year 2011, rather than just the 18 training days that took place after the effective date of the grant of VA compensation benefits on January 20, 2011. Thus, he asserts that he is entitled to reimbursement for the remaining 24 training days that occurred in 2011 prior to January 20, 2011. He further asserts that his Leave and Earnings Statements for 2011 will verify the 24 training days prior to January 20, 2011. However, his 2011 Leave and Earning Statements are not of record. 

Thus, to ensure that all due process requirements are met, an attempt must be made to obtain the Veteran's 2011 Leave and Earnings Statements, and/or service records showing his entitlement to military pay for the period from January 6, 2011, to January 20, 2011.

Accordingly, the case is REMANDED for the following action:

1. Obtain the Veteran's 2011 Leave and Earnings Statements and verification of training pay in 2011 from the Defense Finance and Accounting Service (DFAS) in Cleveland, Ohio. That information should include specific dates of pay for all periods of active duty training, inactive duty training, and drill pay. The aid of the Veteran in securing those records, to include providing necessary authorizations, should be enlisted, as needed. If DFAS is unable to provide verification of the Veteran's training/drill dates and pay for the period at issue, all follow-up development required to obtain the information should be conducted, to include requesting the information from the appropriate service department. 

2. Thereafter, the issue on appeal should be readjudicated. If the benefit sought on appeal is not granted, the Veteran and his representative should be provided with a supplemental statement of the case (SSOC) and afforded the appropriate time period within which to respond thereto.

The appellant and his representative have the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
Kristin Haddock
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).